UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-771 PA (DFMx) | Date | April 27, 2020 |
|---|---|---|---|
| Title | Jennifer Geierman v. Grocery Delivery E-Services USA, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

This action was originally filed in Santa Clara County Superior Court, Case No. 20CV361914, and then removed by defendant Grocery Delivery E-Services USA, Inc. ("Defendant") on February 19, 2020. (Dkt. 1.) The parties then stipulated, and the Court ordered, that the case be transferred to the Central District of California. (Dkt. 12.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by Congress and the Constitution. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

The Notice of Removal alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Dkt. 1 ¶4.) The Notice states, "Plaintiff alleges that she is an individual who resided in California at all times pertinent to the instant litigation. Sachs Decl. at ¶3; Exhibit A at ¶1." (Id. at ¶8.) But residence is not necessarily the same as domicile. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Without more, Defendant has not adequately alleged Plaintiff's citizenship. See id. ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.").

**Accordingly, the Court hereby orders the parties to show cause in writing why this action should not be remanded for lack of subject matter jurisdiction**. Defendant's response to this Order shall be filed no later than May 11, 2020. Plaintiff's reply shall be filed no later than May 18, 2020.

IT IS SO ORDERED.